The Honorable Bobby Lee Trammell State Representative 5213 Richardson Drive Jonesboro, AR 72404-8162
Dear Representative Trammell:
You have requested an Attorney General opinion concerning the applicability of bail bond requirements to sheriffs.
You state that your questions arise out of the fact that a local judge has recently been "setting cash, surety or sheriff's bonds during felony probable cause hearings." You indicate that you are particularly concerned about the sheriff's bonds. Accordingly, you have presented the following questions:
 (1) Are sheriffs required to comply with the requirements of A.C.A. § 17-19-201?
 (2) Should sheriffs be subject to the same licensing and continuing education fees as bail bondsmen in order to write bonds?
 (3) Should sheriffs be required to collect and forward the same fees as professional bail bondsmen for each bond written?
 (4) When a sheriff writes a bond, who is responsible for the bond forfeiture?
Response
Question 1 — Are sheriffs required to comply with the requirements ofA.C.A. § 17-19-201?
It is my opinion, as explained more fully below, that sheriffs are prohibited by law from acting as the surety for any defendant, and therefore are not in a position to comply with the requirements of A.C.A. § 17-19-201, which governs professional bail bondsmen.
A.C.A. § 17-19-201 is part of the set of statutes that govern professional bail bondsmen. It states the licensing requirements for bail bondsmen, and prohibits engaging in the activities of a professional bail bondsman without being licensed.
The term "professional bail bondsman," as used in A.C.A. § 17-19-101 etseq., is defined as follows:
 (6) "Professional bail bondsman" means an individual who is a resident of this state and who acts through authority of a professional bail bond company in pledging a bail bond as security in a judicial proceeding;
A.C.A. § 17-19-101(6). The term "professional bail bond company," as used in the above-quoted definition, is in turn defined as follows:
 (7) "Professional bail bond company" means an individual who is a resident of this state, an Arkansas firm, partnership, or corporation, or a foreign corporation registered and authorized to conduct business in the State of Arkansas that pledges a bail bond in connection with a judicial proceeding and receives or is promised therefor money or other things of value.
A.C.A. § 17-19-101(7).
Sheriffs are explicitly prohibited from engaging in the activities that are, according to the above-quoted definitions, engaged in by professional bail bondsmen.
This prohibition is stated in A.C.A. § 16-84-106, as follows:
 No attorney, solicitor, or counselor at law or in equity, clerk, sheriff, chief of police, law enforcement officer, or other person concerned in the execution of any process, shall become a personal guarantor or surety in any criminal proceeding.
A.C.A. § 16-84-106.
Sheriffs plainly cannot act as the surety for any defendant. They therefore cannot be professional bail bondsmen, subject to the licensing requirements of A.C.A. § 17-19-201. If a sheriff does act as the surety for a defendant or otherwise engages in the activities of a professional bail bondsman, he is in direct violation of A.C.A. § 16-84-106, quoted above.
However, sheriffs are authorized to take bail. This authorization is stated in A.C.A. § 16-84-102, as follows:
(a) The following may take bail:
* * *
 (2) A sheriff or deputy sheriff with respect to any person committed to the common jail of the county;
A.C.A. § 16-84-102(a)(2).
The activity of "taking bail" is statutorily defined as follows:
 (5) "Taking of bail" or "take bail" means the acceptance by a person authorized to take bail of the undertaking of a sufficient surety for the appearance of the defendant according to the terms of the undertaking, or that the surety will pay to the court the sum specified. "Taking of bail" or "take bail" shall not include the fixing of the amount of bail and no person other than a competent court or magistrate shall fix the amount of bail.
A.C.A. § 16-84-101(5).
The act of "taking bail" is not the activity of a professional bail bondsman. A sheriff who takes bail is not engaging in the activities engaged in by a professional bail bondsman and is not thereby violating A.C.A. § 17-19-201.
Although I am not entirely certain what you mean when you say that the local judge has been "setting . . . sheriff's bonds during probable cause hearings," I interpret this to mean that this judge is setting the amount that sheriffs can accept as bail from defendants. In doing so, the judge is not authorizing sheriffs to act as bail bondsmen and is not bringing them within the purview of A.C.A. § 17-19-201.
Upon the basis of the foregoing, I conclude that because sheriffs are explicitly prohibited from acting as the surety for any defendant, they cannot act as "professional bail bondsmen" and are therefore not subject to the licensing requirements of A.C.A. § 17-19-201.
Question 2 — Should sheriffs be subject to the same licensing andcontinuing education fees as bail bondsmen in order to write bonds?
For the reasons stated in response to Question 1, it is my opinion that the licensing and continuing education fees that are applicable to bail bondsmen are not applicable to sheriffs.
Question 3 — Should sheriffs be required to collect and forward the samefees as professional bail bondsmen for each bond written?
Because sheriffs do not write bonds, they cannot be required to collect and forward the fees that are required of professional bail bondsmen.
I note that sheriffs are authorized to collect a fee for the taking and entering of bail. A.C.A. § 21-6-307(15). This fee is disbursed to the county as provided in A.C.A. § 21-6-307(b).
Question 4 — When a sheriff writes a bond, who is responsible for thebond forfeiture?
As explained in response to Question 1, sheriffs do not write bonds. It should be noted that all amounts collected by sheriffs are turned over to the county. A.C.A. § 16-92-115(a). Moreover, it is my understanding that when sheriffs take bail, they typically deal with a bail bondsman, who would, of course, be liable for any forfeiture. A.C.A. § 16-84-115(2).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh